PARRY MANUFACTURING COMPANY, APPELLANT, V. ROBERT O. FINK, CITY TREASURER, ET AL., APPELLEES.

FILED FEBRUARY 11, 1913.   No. 17,000.

1. Taxation: LEVY: SALE. The assessment of property for taxation in the city of Omaha for the year 1905 was made in the latter part of the year 1904. M. S. & D. was a corporation engaged in the sale of implements and vehicles, and at the time of the assessment had no property of plaintiff in its possession for sale or otherwise. In December, 1905, and after the expiration of the assessment, plaintiff shipped to the corporation for M., a member thereof, under a personal contract of agency with him, five sample buggies for exhibition, and which M. stored in the place of business of M. S. & D., but which did not form any part of the

stock of goods of M. S. & D. The personal taxes of M. S. & D. for the year 1905 not having been paid, the city treasurer levied upon and sold the property of plaintiff to satisfy said taxes. *Held,* That the levy and sale were wrongful and without authority, and that the treasurer was liable for the value of the property.

2. ——: ——: ——. The return to the assessor of the list of property belonging to M. S. & D. for taxation for the year 1906 was made by that corporation May 29, 1906. Neither at that time, nor at any time thereafter, did said corporation have any property in its possession belonging to plaintiff. The property held by M. under a personal contract of agency was stored by M. in the place of business of M. S. & D., but did not enter into the body of the stock of said corporation. *Held,* That the levy upon and sale of plaintiff's property to pay the taxes due from M. S. & D. for the year 1906, with knowledge that it did not belong to M. S. & D., were without authority, and that the treasurer was liable for the value thereof.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Reversed.*

*De Bord, Fradenburg & Van Orsdel,* for appellant.

*B. S. Baker, W. C. Lambert, John A. Rine, L. J. Te Poel, H. C. Brome* and *Crofoot & Scott, contra.*

REESE, C. J.

This is an action by plaintiff against the defendant Fink, as city treasurer of the city of Omaha, and two indemnity companies, his sureties, for the value of certain property levied upon and sold to satisfy the taxes for the years 1905 and 1906 as the property of a corporation, known as Magaret, Stephens & Davis, to satisfy personal taxes assessed against said corporation, but which property, it is alleged, was not the property of said corporation, but that of plaintiff. It is alleged that the property, consisting of five buggies, of various kinds, was of the value of $500. The defendants answered, admitting the levy and sale as alleged, denying generally other averments of the petition, and alleging that the property was assessed as the property of Magaret, Stephens & Davis

by the county assessor on the 27th of May, 1905, and on the 29th of May, 1906, and that the said corporation held itself out as the owner of the property to the knowledge of plaintiff, that plaintiff had at no time scheduled any property for taxation in the county or city, and is estopped to deny the ownership (of Magaret, Stephens & Davis) of the property in controversy. The answers of the indemnity companies present substantially the same issues. To each answer plaintiff replied, denying in substance the averments thereof. The cause was tried to the court without the intervention of a jury, and, the findings and judgment being in favor of defendants, plaintiff appeals.

From an inspection of the evidence, we are satisfied that there can be but one conclusion as to the ownership of the property when levied upon and sold by defendant. In fact there is no material dispute upon that question. It is practically conceded that the title and ownership were in plaintiff. In December, 1905, the property was consigned to Magaret, Stephens & Davis under a personal contract with Magaret by which he was to act as agent for plaintiff in selling its manufacture of wheeled vehicles. Prior to that time Magaret, Stephens & Davis had had none of plaintiff's property in their possession, except under a contract by which, when plaintiff had taken orders through its salesmen, the goods were to be shipped to that corporation in car-load lots and by it immediately forwarded to the purchasers. The shipment by car-load lots of the goods sold by plaintiff was for the purpose of taking advantage of the reduced freight rates on such shipments. The goods were transferred to the purchasers in so short a time after receipt as to render it practically a continuous transit. Plaintiff's factory is at Indianapolis, Indiana. In the years 1902 and 1904 plaintiff's goods were sold to Magaret, Stephens & Davis, as jobbers, and plaintiff had no interest in them. That relation ceased in 1904, and there were no further dealings between the parties, except the transfer contract of re-

shipment of the goods sold to customers by plaintiff upon orders taken by it. The tax for which the property was sold was that due from Magaret, Stephens & Davis for the years 1905 and 1906, and it clearly appears that at the time of the assessment for the year 1905 plaintiff had no property in the city of Omaha, nor in Douglas county, and, in fact, it had no property there subject to taxation until the property involved in this case was shipped there about the middle of December, 1905, as sample goods. The only excuse we can discover for the levy and sale was that the property was in the warehouse of Magaret, Stephens & Davis from that time until about the time of the levy, and it was then seized to pay the taxes of that corporation. Under the laws as existed at the time of the assessment for the 1905 taxes, the assessment was made between the 15th day of September and the 15th day of November, 1904, the return to be made to the tax commissioner by the 1st day of December. In the February following, the mayor and council levied the taxes. Ann. St. 1903, sec. 7606. The tax commissioner delivered the tax list to the city treasurer by the 1st of May. Section 7611. As plaintiff had no property in Douglas county at that time, it is clear that it did not add anything to the volume of the property in the possession of Magaret, Stephens & Davis for that assessment and levy for 1905, and therefore there could be no estoppel, and the property levied upon could not have been liable for the taxes assessed to Magaret, Stephens & Davis for that year, and the levy and sale were wrongful.

The law governing the levy for 1906 was by the provisions of the act of 1905. Comp. St. 1905, ch. 12a. By section 160 of that act the city council was required to annually certify to the county clerk the amount of general tax required for the ensuing year. The county board then fixed the rate of tax to be levied to raise the amount so certified as assessed by the county officers, and the state board of equalization as returned by that board to the county clerk, and the taxes were entered as a part of

the consolidated tax of the county. The return for assessment for 1906 taxes by Magaret, Stephens & Davis was made May 29, 1906, and at that time that corporation had no property of plaintiff in its possession. It is true that Magaret, under his personal contract with plaintiff of September 23, 1905, may and probably did store the property in dispute in the warehouse of Magaret, Stephens & Davis, but it did not enter into nor form a part of the property of that corporation, and therefore was not taxable with nor chargeable to it, and the levy upon and sale thereof to satisfy the taxes due from Magaret, Stephens & Davis were without authority, and therefore wrongful. It is shown that, before the levy made by the deputy treasurer, he was informed that the property did not belong to the local corporation, and it was with the knowledge of that fact the levy and sale were made by him. We are unable to see how it can be said that the property was liable for the taxes due from Magaret, Stephens & Davis.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

ROSE, J., not sitting.